This case involves only the question of when the compensation of the claimant under his total permanent disability award should begin to run. In my opinion, the majority finding vests in the Compensation Commissioner *Page 579 
and in the Appeal Board a discretion which the statute itself, correctly construed, does not permit. The statute, as I read it, definitely requires that a subsequent award of compensation becomes payable and begins to run at the time of the expiration of the last preceding award. This is the language of the statute:
 "* * * In all cases where compensation is awarded or increased, the amount thereof shall be calculated and paid from the date of disability. * * *" (Code, 23-4-18, amended by Acts 1935, ch. 78).
It strikes me as quite apparent that the opinion of the Court does not follow this plain statutory precept, but instead establishes a way by which it can be avoided. If the award of compensation is based upon the existence of a disability caused by claimant's injury, then there can be no gap in his compensable period. It is then a statutory award and the Commissioner's duties are ministerial. I do not believe the statute contemplates that as the result of one injury, more than one disability can develop. That it can is an inescapable premise of the majority conclusion.
To vest a ministerial officer with the discretion that the majority opinion rests upon the Commissioner, to my mind, is inconsistent with this Court's original jurisdiction to hear compensation cases as mandamus proceedings, which rests upon regarding the duties of the Compensation Commissioner as being ministerial. Where there is a judicial discretion involved, as there would be if the Commissioner's judgment controlled the time of making an award of compensation effective, I do not see how in a proceeding likened to mandamus, this Court could review the Commissioner's finding.
Judge Riley authorizes me to say that he concurs in this opinion. *Page 580